■ MIKE LEMBO & SONS, INC., Respondent, v RONALD ROBINSON et al., Doing Business as RON'S SERVICE CENTER, Appellants. — Appeal from an order of the Supreme Court at Special Term (Gurahian, J.), entered January 13, 1983 in Ulster County, which denied defendants' motion to vacate a default judgment. On April 16, 1981, defendants Ronald Robinson and David Robinson, doing business as Ron's Service Center, sold a bulldozer to plaintiff, a New York corporation, for $16,000. Plaintiff experienced mechanical trouble with the bulldozer and through its attorney attempted, by letter dated July 7, 1981, informal resolution of the problem. This letter was sent to defendants by certified mail return receipt requested and was returned to plaintiff's attorney

marked "refused" on July 25, 1981. Plaintiff then commenced this action against defendants seeking damages in the amount of $28,000 for breach of contract and for breach of warranties of merchantability and fitness for a particular use, as well as $5,000 exemplary damages for fraudulent misrepresentations. Personal service on each defendant was attempted by a process server at 200 Second Street, Matamoras, Pennsylvania, the business address of defendants as listed both on plaintiff's receipt for the bulldozer's sale and the business card defendants gave plaintiff, on three different dates: September 29, 1981 at 6:11 P.M., October 8, 1981 at 5:05 P.M., and October 9, 1981 at 10:55 A.M. The process server then effected substituted service by affixing a summons and complaint for each defendant to the door of the premises as 200 Second Street on October 9, 1981 at 10:55 A.M., and then mailing within 24 hours from that date a summons and complaint addressed to each defendant to that same address. These mailings were never returned to plaintiff's attorney. Defendants failed to appear in the action and, in January, 1982, plaintiff moved for a default judgment. Plaintiff served a copy of the note of issue and motion papers seeking default judgment on defendants on January 6, 1982. These papers were unanswered. Plaintiff was awarded default judgment against Ronald Robinson and David Robinson, doing business as Ron's Service Center, on March 23, 1982. A trial assessing damages was held on May 17, 1982. The order for judgment on default and assessment of damages and the trial note of issue were all served on defendants, but went unanswered. Plaintiff's attorney also wrote directly to defendants on April 15, 1982, apprising them of an adjournment of the date for the assessment of damages. This letter, too, went unanswered. A letter from plaintiff's attorney to defendants dated May 5, 1982, which included both a copy of the amended order for judgment and assessment of damages, as well as notice of the assessment date, was also mailed to defendants. This letter, defendants claim, was the first notice they received concerning this action. Although defendants received this letter in May, they did not consult an attorney until June 25, 1982. In the interim, plaintiff was awarded damages against Ronald Robinson and David Robinson, doing business as Ron's Service Center, jointly and severally, in the amount of $14,384.90. On October 25, 1982, defendants moved to dismiss the complaint and vacate the default judgment entered against them, alleging that plaintiff failed to exercise due diligence under CPLR 308 (subds 1, 2) prior to utilizing substituted service pursuant to CPLR 308 (subd 4), that defendants did not personally receive notice of the summons in time to defend, that the court did not have jurisdiction over defendants, and that defendants have a meritorious defense to the action. Defendants also submitted a proposed answer. Special Term denied this motion and the instant appeal ensued. CPLR 308 (subd 4) provides that where service cannot be made with due diligence under CPLR 308 (subds 1, 2), service may be made, *inter alia,* by: "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his last known residence". Plaintiff's process server's affidavits indicate that no one was present when service was attempted on each defendant at 200 Second Street, Matamoras, Pennsylvania, on three different weekdays at three different times. It is undisputed that defendant David Robinson's residence at the times of attempted service was 200 Second Street, Matamoras, Pennsylvania. Moreover, although defendant David Robinson avers that he does not do business as Ron's Service Center, the business card that defendants gave plaintiff at the time of the bulldozer sale lists both David Robinson and Ronald Robinson as doing business as Ron's Service Center. The business address for Ron's Service Center, as listed both on that business card and on plaintiff's receipt of sale, is also 200 Second

Street, Matamoras, Pennsylvania. In our opinion, the three attempts at service *at an address which was both defendant David Robinson's residence and* business address constituted due diligence which authorized plaintiff's utilization of the "affix and mail" method of service (CPLR 308, subd 4). Finally, a review of the record reveals that such service upon David Robinson was properly effected. Turning to the question of service upon defendant Ronald Robinson, we reach a different conclusion. Defendant Ronald Robinson's residence at all times relevant was 201 Avenue M., Matamoras, Pennsylvania. Plaintiff's process server never attempted to serve defendant at this address. Although personal service was attempted on three different dates at 200 Second Street, defendant Ronald Robinson's business address, two of the three attempts were made after 5:00 P.M., the presumed closing time of the business. This does not demonstrate due diligence pursuant to CPLR 308 (subds 1, 2) prior to resorting to the "affix and mail" method of service authorized in CPLR 308 (subd 4). Furthermore, even if due diligence were demonstrated, service upon defendant Ronald Robinson was not properly effected. Although the summons and complaint addressed to him was affixed to the door of his actual place of business, i.e., 200 Second Street, the summons and complaint were not thereafter mailed to his last known residence, i.e., 201 Avenue M. Accordingly, personal jurisdiction has not been obtained over defendant Ronald Robinson. In conclusion, since personal jurisdiction was not properly obtained over defendant Ronald Robinson, his motion to vacate the default judgment and dismiss the complaint should have been granted. However, Special Term properly denied defendant David Robinson's motion, as personal jurisdiction was properly obtained with respect to him and the record indicates that he had notice of this action in time to defend. Order modified, on the law and the facts, by reversing so much thereof as denied defendants' motion with respect to defendant Ronald Robinson; motion granted with respect to defendant Ronald Robinson; and, as so modified, affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.