■ LAWRENCE KURLANDER et al., Respondents, v A BIG STAM, CORP. et al., Defendants, and ISMAEL LATORRE et al., Appellants. [699 NYS2d 453] —In an action to foreclose a mortgage, the defendants Ismael LaTorre and Maria LaTorre appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated April 6, 1998, which, in effect, confirmed the report of a Judicial Hearing Officer (Alfano, J.H.O.), made after a hearing, finding that service of process was proper and thereupon denied their motion to dismiss the action insofar as asserted against them for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the report of the Judicial Hearing Officer is disaffirmed, the motion is granted, the action is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants Ismael and Maria LaTorre were the owners of certain real property which they sold in April 1989 to the defendant The Drake Organization, L.P. (hereinafter Drake). To finance its purchase, Drake, *inter alia*, gave a mortgage on the property to the plaintiffs to secure a loan in the sum of $160,000, and a separate mortgage on the property to the ap-

pellants, to secure a loan in the sum of $60,000. The appellants moved to Puerto Rico. Drake eventually defaulted on the loans, and the plaintiffs and the appellants commenced actions to foreclose their respective mortgages.

The copy of the plaintiffs' summons and complaint given to their process server listed the appellants' last known address as the address of the subject premises, an apartment building in Brooklyn. As the appellants' names remained on a mailbox at the premises, the process server attempted to effectuate personal service at the premises on three occasions before employing so-called "nail and mail" service pursuant to CPLR 308 (4).

Absent any evidence that the process server attempted to determine that the address where service was attempted was, in fact, the actual dwelling or usual place of abode of the appellants, such as by searching telephone listings or making inquiries of neighbors, the requirement of CPLR 308 (4) that service under CPLR 308 (1) and (2) first be attempted with "due diligence" was not met, and the plaintiffs failed to establish that the summonses were properly affixed to the appellants' actual place of business, dwelling place, or usual place of abode (see, CPLR 308 [4]; *Feinstein v Bergner,* 48 NY2d 234, 240-241; *State of N. Y. Higher Educ. Servs. Corp. v Upshur,* 252 AD2d 333; *Marballie v Lefrak,* 201 AD2d 707; *PacAmOr Bearings v Foley,* 92 AD2d 959; *see also, European Am. Bank & Trust Co. v Serota,* 242 AD2d 363). As a result, the appellants' motion to dismiss must be granted. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.