[777 NYS2d 504]

In the Matter of ANDREW P. JONES (Admitted as ANDREW PAUL ALEXANDER JONES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 17, 2004

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Jerome Karp, P.C.*, Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing four charges of professional misconduct. The Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel submitted an affirmation in response maintaining that the respondent's continued practice does not pose a threat to the public and suggesting that a censure would be an appropriate measure of discipline.

Charge One alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). The respondent maintained an attorney escrow account at Fleet Bank (hereinafter Fleet), identified as "Andrew P. Jones, P.C., IOLA Account." On or about February 3, 1998, the respondent was required to hold, as a fiduciary, at least $4,631 of the proceeds of a personal injury settlement in his Fleet attorney escrow account on behalf of a client named Gerrer, and at least $5,500 in his Fleet attorney escrow account on behalf of a client named Jones in a real estate matter. On or about February 3, 1998, the balance in the respondent's Fleet attorney escrow account was overdrawn by $1,203.42.

Charge Two alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent maintained an attorney trust account at Citibank, identified as "Andrew P. Jones, P.C., attorney escrow account IOLA." On or about July 19, 1999, the respondent was required to hold, as a fiduciary, at least $7,965 of the proceeds of a personal injury settlement in his Citibank attorney escrow account on behalf of a client named Hamlet. On or about July 19, 1999, the balance in the respondent's Citibank escrow account was depleted to $1,049. On or about July 22, 1999, the respondent drew a check to Hamlet in the amount

of $7,965. He deposited $7,000 into his Citibank account to cover that check on or about July 23, 1999.

Charge Three alleges that the respondent engaged in a pattern and practice of withdrawing his legal fees and disbursements in personal injury cases before depositing the corresponding settlement checks, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent withdrew from his Fleet and Citibank attorney escrow accounts legal fees and disbursements concerning the following clients, whom he represented on personal injury matters, prior to receipt of their settlement proceeds: Gerrer, Lee, Knight, Matthews, Vance, McMillan, Johnson, Roberts, and Hamlet.

Charge Four alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]). The respondent failed to contemporaneously maintain a ledger book or similar record for his attorney escrow accounts showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, charges to or withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

The petitioner moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel submitted an affirmation in response maintaining that the respondent's continued practice does not pose a threat to the public and suggesting that a censure would be an appropriate measure of discipline.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges of professional misconduct. The petitioner's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent points out that he acted with no venality, apologizes to the Court for his errors, and reassures the Court that there will be no repetition of such conduct. The respondent submits that his continued practice of law does not pose a threat to the public and that he is now maintaining his escrow account in an appropriate manner. The petitioner reports that the respondent has no prior disciplinary history.

Notwithstanding the mitigation offered by the respondent, he is guilty of gross abuses in the handling of his escrow account.

Under the totality of circumstances, including his unblemished record and his lack of experience, he is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Andrew P. Jones, is suspended from the practice of law for a period of three years, commencing June 17, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the three-year period, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Andrew P. Jones, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew P. Jones, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).