■ COUNTY OF NASSAU, Appellant, v PATRICK LONG, Respondent, et al., Defendant. [826 NYS2d 739]—

In a civil forfeiture action pursuant to the Administrative Code of the County of Nassau § 8-7.0 (g) (L 1939, chs 272, 701-709, as amended), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered January 30, 2006, as granted that branch of the defendant Patrick Long's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the attempts to serve the defendant Patrick Long at his residence did not satisfy the "due diligence" requirement for so-called "nail and mail" service under CPLR 308 (4). Here, the attempts preceding service were made on August 18, 2005, a Thursday, at 7:00 P.M., August 19, 2005, at 3:45 P.M., and August 23, 2005, a Tuesday, at 7:44 P.M. These attempts were made on weekdays during hours when it reason-

ably could have been expected that Long was either working or in transit to or from work (*see County of Nassau v Letosky*, 34 AD3d 414 [2006]; *O'Connell v Post*, 27 AD3d 630, 631 [2006]). Moreover, there is no indication that the process server made any attempt to locate Long's business address or to effectuate personal service thereat (*see County of Nassau v Letosky, supra; Sanders v Elie*, 29 AD3d 773, 774 [2006]). Accordingly, the Supreme Court properly granted that branch of Long's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.