[843 NYS2d 462]

Estate of Edward S. Waterman, Deceased, Respondent, v Andrew P. Jones, Appellant.

Second Department, October 16, 2007

**APPEARANCES OF COUNSEL**

*Law Offices of Charles E. Kutner, LLP*, New York City (*April Kimm* of counsel), for appellant.

*S. Jean Smith*, New York City, for respondent.

**OPINION OF THE COURT**

BALKIN, J.

On this appeal, we are called upon to decide whether an unsuccessful attempt at personal service solely at an attorney's place of business constituted "due diligence" so as to permit resort to "nail and mail" service pursuant to CPLR 308 (4). We hold that such service of process did not confer personal jurisdiction over the defendant attorney in this legal malpractice action.

The following facts are undisputed. On June 17, 2004, the plaintiff, Estate of Edward S. Waterman, commenced the instant action sounding in legal malpractice to recover damages allegedly caused by probate legal work performed by the defendant, Andrew P. Jones. The complaint alleged, inter alia, that the defendant failed to use reasonable and ordinary care in monitoring the appointed executor, seeking letters testamentary, and serving the probate petition on all of the distributees and beneficiaries.

According to an affidavit of service dated September 9, 2004, the process server attempted to serve the defendant with a copy of the summons and complaint in the legal malpractice action at his actual place of business on August 23, 2004, at 10:00 A.M.. The process server observed the defendant's name on an outside shingle, but the office was closed, locked, and without a doorbell. The process server used his cellular phone to call the number listed on the outside shingle and received neither a personal reply nor an answering service reply. Nonetheless, that same day the process server mailed the summons and complaint to the very same premises in order to ostensibly effectuate "nail and mail" service. On the following day, August 24, 2004, the process server returned to the same location at 9:00 A.M. and, upon seeing that the conditions were the same as the day before, affixed the summons and complaint to the door.

Although the building at which process was purportedly served was in fact owned by the defendant and/or his wife, and was used as both a law office and an office to collect rents and issue leases for their other properties, the defendant was, in fact, suspended from the practice of law at the time of the attempted service of process (*see Matter of Jones,* 7 AD3d 101 [2004]). The affidavit of service does not refer to any efforts to ascertain the defendant's residential address and to serve process at that location.

Upon the defendant's failure to answer or appear in the action, the Supreme Court granted the plaintiff's unopposed motion to proceed to an inquest to assess damages. At the inquest held on November 23, 2005, the Supreme Court directed the entry of a money judgment in favor of the plaintiff and against the defendant in the principal sum of $14,000. The judgment was entered on December 30, 2005, upon the defendant's default in answering or appearing. In 2006 the defendant discovered the existence of the judgment and moved to vacate it and to dismiss the complaint for lack of personal jurisdiction on the ground that he was never served with process. The defendant argued, among other things, that the purported "nail and mail" service at his place of business under CPLR 308 (4) was improper as there was no showing that personal service pursuant to CPLR 308 (1) or (2) could not have been performed with "due diligence." The Supreme Court denied the defendant's motion, finding that the "nail and mail" service was appropriate. We disagree and reverse the order appealed from.

Service of process must be made in strict compliance with statutory "methods for effecting personal service upon a natural person" pursuant to CPLR 308 (*Macchia v Russo,* 67 NY2d 592, 594 [1986]; *see Dorfman v Leidner,* 76 NY2d 956, 958 [1990]). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308 [1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (CPLR 308 [2]). Service pursuant to CPLR 308 (4), commonly known as "nail and mail" service, may be used only where service under CPLR 308 (1) or (2) cannot be made with "due diligence" (*see Feinstein v Bergner,* 48 NY2d 234, 239 [1979]; *O'Connell v Post,* 27 AD3d 630 [2006]; *Simonovskaya v Olivo,* 304 AD2d 553 [2003]; *Rossetti v DeLaGarza,* 117 AD2d 793 [1986]). Nail and mail service is effected "by affixing the summons to the door of either the actual place of business,

dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person . . . at his or her actual place of business" (CPLR 308 [4]).

Although "due diligence" is not defined in the statutory framework, the term has been interpreted and applied on a case-by-case basis (*see Barnes v City of New York,* 51 NY2d 906, 907 [1980]; *Singh v Gold Coin Laundry Equip.,* 234 AD2d 358 [1996]). " '[T]he due diligence requirement refers to the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency' " (*Barnes v City of New York,* 70 AD2d 580, 580 [1979], *affd* 51 NY2d 906 [1980], *supra* [quoting from nisi prius]. A mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the "due diligence" requirement before resort to nail and mail service (*see County of Nassau v Long,* 35 AD3d 787 [2006]; *County of Nassau v Yohannan,* 34 AD3d 620, 620-621 [2006]; *Earle v Valente,* 302 AD2d 353 [2003]; *Annis v Long,* 298 AD2d 340, 341 [2002]). However, "due diligence" may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times (*see Lemberger v Khan,* 18 AD3d 447 [2005]; *Brunson v Hill,* 191 AD2d 334, 335 [1993]; *Mike Lembo & Sons v Robinson,* 99 AD2d 872 [1984]). For the purpose of satisfying the "due diligence" requirement of CPLR 308 (4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment (*see Sanders v Elie,* 29 AD3d 773, 774 [2006]; *Kurlander v A Big Stam, Corp.,* 267 AD2d 209, 210 [1999]; *Busler v Corbett,* 259 AD2d 13, 15 [1999]), " 'given the reduced likelihood that a summons served pursuant to [nail and mail service] will be received' " (*County of Nassau v Letosky,* 34 AD3d 414, 415 [2006], quoting *Gurevitch v Goodman,* 269 AD2d 355, 355 [2000]).

Applying the foregoing legal principles to the matter at bar, we find that the purported nail and mail service was ineffective since the plaintiff failed to comply with the "due diligence" requirement of CPLR 308 (4). Contrary to the Supreme Court's conclusion, the process server failed to sufficiently attempt personal service upon the defendant pursuant to CPLR 308 (1) or (2), before resorting to nail and mail service. The nail and

mail service under CPLR 308 (4) was performed after only one purported personal service attempt at the defendant's place of business. In regard to the process server's second visit to the defendant's place of business, he merely stated that "upon seeing the conditions were the same as the day before, [he] affixed the Summons and Complaint to the door." There is no indication that the process server attempted personal service upon the defendant on that second visit.

Significantly, the affidavit of service does not describe any efforts to ascertain the defendant's whereabouts, dwelling place, or place of abode (*see Sanders v Elie,* 29 AD3d at 774; *Earle v Valente,* 302 AD2d at 353). Indeed, there is no indication that the process server made any inquiries to the commercial neighbors, checked telephone listings, or conducted any search with the Department of Motor Vehicles to determine the defendant's residential address (*see Kurlander v A Big Stam, Corp.,* 267 AD2d at 210; *Busler v Corbett,* 259 AD2d at 15; *McCaslin v Peterson,* 13 Misc 3d 1206[A], 2005 NY Slip Op 52315[U] [2005], *affd* 23 AD3d 1028 [2005]). Moreover, although the process server observed that the place of business was closed, locked, without a doorbell, and without an answering service, he nonetheless mailed the papers to that address notwithstanding the fact that CPLR 308 (4) also authorized him to mail the papers to the defendant's last known residence.

Under these circumstances, since the defendant was not properly served with process, the order is reversed, on the law, and the defendant's motion to vacate the judgment entered December 30, 2005, upon his default in answering or appearing, and to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is granted.

CRANE, J.P., SANTUCCI, FLORIO and DILLON, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to vacate the judgment entered December 30, 2005, upon his default in answering or appearing, and to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is granted.