■ JPMorgan Chase Bank, N.A., Respondent, v Gerald Baldi, Appellant, et al., Defendants. [10 NYS3d 126]—

In an action to foreclose a mortgage, the defendant Gerald Baldi appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 5, 2014, as denied that branch of his motion which was pursuant to CPLR 5015 (a) (4) to vacate so much of an order of the same court dated May 23, 2013, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him.

Ordered that the order dated May 5, 2014, is affirmed insofar as appealed from, with costs.

By order dated May 23, 2013, the Supreme Court, inter alia, granted the plaintiff in this mortgage foreclosure action leave to enter a default judgment against the defendant Gerald Baldi (hereinafter the appellant), upon the appellant's default in appearing or answering the complaint. The appellant thereafter moved, among other things, pursuant to CPLR 5015 (a) (4) to vacate that portion of the May 23, 2013, order, contending that he was not properly served with the complaint by affix and mail service pursuant to CPLR 308 (4). In particular, the appellant asserted that the plaintiff did not exercise due diligence in attempting to make personal service on him before resorting to affix and mail service. The Supreme Court denied the motion.

Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (see CPLR 308 [4]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759-760 [2013]; *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007]). The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (see *Estate of Waterman v Jones*, 46 AD3d at 66).

Here, the affidavit of the process server demonstrated that three visits were made to the appellant's residence on three different occasions and at different times, when the appellant could reasonably have been expected to be found at that location (see *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 759-760; *Estate of Waterman v Jones*, 46 AD3d at 65). Further, the process server averred that he confirmed with a neighbor

that the appellant resided at the premises at which service was attempted. The process server also described in detail his unsuccessful attempt to obtain an employment address for the appellant (*cf. Leviton v Unger*, 56 AD3d 731, 732 [2008]; *County of Nassau v Long*, 35 AD3d 787, 788 [2006]). Contrary to the appellant's contention, under these circumstances, the Supreme Court properly concluded that the due diligence requirement was satisfied (*see Lemberger v Khan*, 18 AD3d 447 [2005]).

Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (4) to vacate so much of the order dated May 23, 2013, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.