■ WELLS FARGO BANK, NA, Respondent, v DORY ANN BESEMER, Appellant, et al., Defendants. [16 NYS3d 819]—

In an action to foreclose a mortgage, the defendant Dory Ann Besemer appeals (1) from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 23, 2014, which denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court entered January 8, 2014, upon her failure to appear or answer the complaint, and (2), as limited by her brief, from so much of an order of the same court dated January 21, 2015, as, upon reargument, adhered to the original determination in the order dated September 23, 2014.

Ordered that the appeal from the order dated September 23, 2014, is dismissed, as that order was superseded by the order dated January 21, 2015, made upon reargument; and it is further,

Ordered that the order dated January 21, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Wells Fargo Bank, NA (hereinafter the Bank), commenced this action to foreclose a mortgage after the defendant Dory Ann Besemer (hereinafter the homeowner) stopped making monthly payments. After the homeowner failed to appear or answer the complaint, the Supreme Court entered a judgment of foreclosure and sale upon her default. Just prior to the judicial sale of the property, the homeowner moved pursuant to CPLR 5015 (a) (1) and (4) to vacate the judgment of foreclosure and sale. In an order dated September 23, 2014, the court denied the homeowner's motion. The homeowner thereafter moved for leave to reargue her prior motion. In an order dated January 21, 2015, made upon reargument, the court adhered to the original determination in the order dated September 23, 2014.

When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4) and also seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)

(*see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]). Here, the homeowner contends that she was not properly served with the summons and complaint by affix and mail service pursuant to CPLR 308 (4). In particular, the homeowner asserts that the Bank did not exercise due diligence in attempting to personally deliver the summons and complaint to her or to serve her by the deliver and mail method before resorting to affix and mail service.

Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (*see* CPLR 308 [4]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759-760 [2013]; *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007]). The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (*see Estate of Waterman v Jones*, 46 AD3d at 66). Indeed, the Court of Appeals has stated that "in determining the question of whether due diligence has been exercised, no rigid rule could properly be prescribed" (*Barnes v City of New York*, 51 NY2d 906, 907 [1980]). As a general matter, the "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (*Estate of Waterman v Jones*, 46 AD3d at 66; *see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760).

Here, the affidavit of the process server demonstrated that three visits were made to the homeowner's residence on three different occasions and at different times, when the homeowner could reasonably have been expected to be found at that location (*see JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]; *Lemberger v Khan*, 18 AD3d 447, 447-448 [2005]; *see generally Estate of Waterman v Jones*, 46 AD3d at 65). The process server also described in detail his unsuccessful attempt to obtain an employment address for the homeowner (*see JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]; *cf. Leviton v Unger*, 56 AD3d 731, 732 [2008]; *County of Nassau v Long*, 35 AD3d 787, 788 [2006]). Contrary to the homeowner's contention, under these circumstances, the due diligence requirement was satisfied (*see Barnes v City of New York*, 51 NY2d at 907; *JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]; *Estate of Waterman v Jones*, 46 AD3d at 65). Accordingly, the Supreme Court properly denied that branch of the homeowner's motion which was to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (4).

The Supreme Court also properly denied that branch of the homeowner's motion which was to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1). "A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for [his or her] delay in appearing and answering the complaint and a potentially meritorious defense to the action" (*Wells Fargo Bank, N.A. v Mazzara*, 124 AD3d 875, 875 [2015]; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court" (*Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]).

Here, the homeowner's contentions that she had little understanding of the legal process and had no appreciation of the imminent sale do not constitute reasonable excuses for her default in appearing or answering the complaint (*see e.g. U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1167-1168 [2010]; *Dorrer v Berry*, 37 AD3d 519, 520 [2007]). Furthermore, the homeowner's purported reliance upon alleged loan modification negotiations is unsubstantiated and does not constitute a reasonable excuse (*see e.g. Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825, 825 [2013]; *DeRisi v Santoro*, 262 AD2d 270, 271 [1999]). Since the homeowner failed to establish a reasonable excuse for her default, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d at 825). Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.