■ AMTRUST-NP SFR, VENTURE, LLC, Respondent, v KAREN EMMEL, Appellant, et al., Defendant. [34 NYS3d 163]—

In an action to foreclose a mortgage, the defendant Karen Emmel appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 18, 2014, as denied those branches of her motion which were to vacate a judgment of foreclosure and sale of the same court dated September 27, 2013, entered upon her failure to appear or answer the complaint, to set aside the foreclosure sale held pursuant thereto, and to vacate the referee's deed in foreclosure, on the grounds of lack of personal jurisdiction and failure to provide proper notice of the sale of the subject property, and (2) an order of the same court dated August 5, 2014, which denied her motion to vacate the judgment of foreclosure and sale dated September 27, 2013, to set aside the foreclosure sale held pursuant thereto, and to vacate the referee's deed in foreclosure, on the ground that the plaintiff failed to comply with the provisions of RPAPL 1331.

Ordered that the order dated March 18, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 5, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the contention of the defendant Karen Emmel, the Supreme Court properly denied that branch of her motion which was to vacate a judgment of foreclosure and sale dated September 27, 2013, to set aside the foreclosure sale held pursuant thereto, and to vacate the referee's deed in foreclosure on the ground of lack of personal jurisdiction. Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (*see* CPLR 308 [4]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759 [2013]). "Although due diligence is not defined in the statutory framework, the term has been interpreted and applied on a case-by-case basis" (*Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]). Under the circumstances here, the affidavit of the plaintiff's process server demonstrated that she exercised due diligence prior to resorting to service pursuant to CPLR 308 (4) (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1048 [2015]; *JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777 [2015]).

The Supreme Court also properly denied that branch of Emmel's motion which was based on the alleged failure to receive proper notice of the sale of the subject property, as she failed to establish that she did not receive proper notice of the sale (*see* CPLR 2103 [e]; *Shaw v Russell*, 60 NY2d 922, 924 [1983]).

Emmel's unreasonable delay in filing her motion, inter alia, to vacate the judgment of foreclosure and sale on the ground that the plaintiff failed to comply with the provisions of RPAPL 1331 warranted denial of that motion (*see Maspeth Fed. Sav. & Loan Assn. v Sloup*, 123 AD3d 672, 674 [2014]). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.