OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
Plaintiff commenced this action to foreclose on a mortgage against the property located at 144 Bell Road, Scarsdale, New York, owned by the defendants Peter Calviello and Lori Del Secolo. None of the defendants answered or appeared except for Thaler & Gertler LLP and United States of America, Department of Treasury—Internal Revenue Service.
Plaintiff moves for an order granting a judgment of default against the non-answering defendants, for the appointment of a referee to compute the sum due under the mortgage, and to amend the caption to remove John Doe 1 through 12 and the parties that appear twice.
In support of its motion for a default judgment, plaintiff submits separate affidavits of service from the process server. On June 1, 2015, at 9:50 a.m., the process server served defendants Del Secolo and Calviello by affixing a copy of the summons and complaint, etc., to the door of 144 Bell Road, Scars-dale. The process server made previous attempts at personal delivery of the foreclosure documents upon Del Secolo on April 11, 2015 at 1:05 p.m., April 13, 2015 at 7:40 a.m., April 14, 2015 at 7:35 p.m., April 15, 2015 at 11:25 a.m., April 23, 2015 at 2:10 p.m., April 25, 2015 at 7:40 a.m., April 29, 2015 at 12:45 p.m., and June 1, 2015 at 9:50 a.m. Copies of the documents were also mailed to Del Secolo and Calviello at the same address on June 3, 2015.
Del Secolo opposes plaintiffs motion and cross-moves to, in effect, vacate her default in appearing or answering the complaint and to dismiss the complaint on the grounds of lack of personal jurisdiction, failure to prove standing, and failure to satisfy certain conditions precedent. In the alternative, Del Secolo moves to compel plaintiff to accept her late answer.
Del Secolo contends that neither she nor Calviello were properly served with the summons and complaint by nail and mail service pursuant to CPLR 308 (4). Specifically, Del Secolo asserts that plaintiff did not exercise due diligence in first attempting service pursuant to CPLR 308 (1) and (2) prior to resorting to nail and mail service at the residence.
*716 Del Secolo submits an affidavit attesting that on the alleged dates of attempted service she was employed in the human resources department of a magazine publisher, Latina Media Ventures LLC, located in New York City. Del Secolo attests that her social media and professional profiles are open to public search and that she could have been easily located in her professional capacity through an online search. Del Secolo herself attempted an online search and in less than two minutes she states that she was able to locate her professional social media profiles, the business listing of her employer and her work phone number. All of this information, she asserts, was on the first page of the search engine results. Moreover, Del Secolo states that at her place of business there is both a doorman and secretary available for deliveries.
Del Secolo further asserts that Calviello is her ex-husband and that their divorce was final in March 2011. Calviello moved out of the premises in approximately 2009 and to the best of her knowledge was living somewhere in Queens.
In opposition to Del Secolo’s cross motion to dismiss the complaint for lack of personal jurisdiction, plaintiff argues that Del Secolo failed to demonstrate a reasonable excuse or a meritorious defense for her default in appearing or answering. Plaintiff further argues that a general denial of service is insufficient to rebut the presumption of proper service.
Discussion
On a motion for leave to enter a default judgment pursuant to CPLR 3215, the plaintiff is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant’s default in answering or appearing (see BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790 [2d Dept 2015]).
To defeat plaintiff’s prima facie showing under CPLR 3215, and to be relieved of her default in answering the complaint, the defendant must establish that there was no default in answering due to a jurisdictional defect or that she had a reasonable excuse for her default and a potentially meritorious defense to the action (see Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2d Dept 2013]; U.S. Bank N.A. v Wolnerman, 135 AD3d 850 [2d Dept 2016]).
Here, Del Secolo established that there was no default by submitting sufficient evidence to demonstrate that personal jurisdiction was not obtained over her (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2d Dept 2003]).
*717 Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2d Dept 2015]; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759 [2d Dept 2013]). The requirement of due diligence must be strictly observed because “there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308 (4)” (Kaszovitz v Weiszman, 110 AD2d 117, 120 [2d Dept 1985]; see McSorley v Spear, 50 AD3d 652 [2d Dept 2008]).
“What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality” (McSorley v Spear, 50 AD3d at 653, citing Estate of Waterman v Jones, 46 AD3d 63, 66 [2d Dept 2007]). “For the purpose of satisfying the ‘due diligence’ requirement of CPLR 308 (4), it must be shown that the process server made genuine inquiries about the defendant’s whereabouts and place of employment” (Estate of Waterman v Jones, 46 AD3d at 66; see McSorley v Spear, 50 AD3d at 654). Generally, the “due diligence” requirement may be met with “a few visits on different occasions and at different times to the defendant’s residence or place of business when the defendant could reasonably be expected to be found at such location at those times” (Estate of Waterman v Jones, 46 AD3d at 66).
The affidavit of the process server demonstrates that prior to resorting to nail and mail service upon Del Secolo, he made eight attempts to serve Del Secolo at her residence on weekends and weekdays at differing times when she could reasonably have been expected to be found at that location (see JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777 [2d Dept 2015]). However, all attempts at personal service were made at Del Secolo’s residence. Del Secolo’s affidavit establishes that her place of business could have easily been located through an online search. Plaintiff failed to submit any evidence to demonstrate that inquiries were made into Del Secolo’s place of employment or business address. Thus, the due diligence requirement has not been satisfied with respect to service upon Del Secolo and no hearing is warranted on the issue of proper service upon her (see Serraro v Staropoli, 94 AD3d 1083 [2d Dept 2012]; cf. JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777 [2d Dept 2015] [finding that service pursuant to CPLR 308 (4) was proper where three visits were made to the appellant’s home and the process server also described in detail his unsuc *718 cessful attempt to obtain an employment address for the appellant]).
Del Secolo, however, lacks standing to contest the validity of service upon Calviello (see NYCTL 1996-1 Trust v King, 13 AD3d 429 [2d Dept 2004] [holding that the defense of improper service of process in a foreclosure action is personal in nature and may only be raised by the party improperly served]) and Calviello has not appeared in this action.
Based upon the foregoing, it is ordered that the branch of plaintiff’s motion to amend the caption is granted; and it is further ordered that the branch of plaintiff’s motion for a default judgment is denied as to Del Secolo and the complaint is dismissed insofar as asserted against Del Secolo for failure to obtain personal jurisdiction; and it is further ordered that the branch of plaintiff’s motion for a default judgment against the remaining non-answering parties is granted; and it is further ordered that Del Secolo’s cross motion to dismiss the complaint insofar as asserted against her is granted.