Nationstar Mtge., LLC v Dekom (2018 NY Slip Op 03533)





Nationstar Mtge., LLC v Dekom


2018 NY Slip Op 03533


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-02955
2015-09970
2015-09971
 (Index No. 8566/13)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Martin Dekom, appellant, et al., defendants.


Martin Dekom, Manhasset, NY, appellant pro se.
Sandelands Eyet, LLP, New York, NY (William C. Sandelands and Kieran M. Dowling of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Martin Dekom appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated December 2, 2014, and two orders of the same court, entered April 16, 2015, and May 14, 2015, respectively. The judgment of foreclosure and sale, upon the default of the defendant Martin Dekom in answering the complaint, inter alia, directed the sale of the subject property. The order entered April 16, 2015, denied the motion of the defendant Martin Dekom, in effect, to vacate his default in answering. The order entered May 14, 2015, denied the motion of the defendant Martin Dekom to vacate the default judgment of foreclosure and sale and/or stay its enforcement.
ORDERED that the judgment and the orders are affirmed, with one bill of costs.
The plaintiff's predecessor-in-interest commenced this action to foreclose a mortgage after the defendant Martin Dekom (hereinafter the defendant) defaulted in making his payments on the underlying note. The defendant defaulted in answering the complaint. The action proceeded to an inquest, where the defendant appeared and sought dismissal of the complaint insofar as asserted against him for, among other things, lack of personal jurisdiction. The Supreme Court found that the plaintiff established personal jurisdiction over the defendant, in that the defendant was properly served, and directed entry of judgment. A judgment of foreclosure and sale dated December 2, 2014, was then entered.
The defendant moved, in effect, to vacate his default in answering. In an order entered April 16, 2015, the Supreme Court denied that motion. The defendant then moved to vacate the default judgment and/or stay its enforcement. That motion was denied by order entered May 14, 2015. The defendant appeals from the judgment and the orders entered April 16, 2015, and May 14, 2015, respectively.
We agree with the Supreme Court's rejection of the defendant's claim of lack of personal jurisdiction. A process server's affidavit of service constitutes prima facie evidence of [*2]proper service (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d 653). Affix and mail service pursuant to CPLR 308(4) may be used only where service under CPLR 308(1) by personal delivery or CPLR 308(2) by delivery to a person of suitable age and discretion cannot be made with due diligence (see CPLR 308[4]; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760; Estate of Waterman v Jones, 46 AD3d 63, 65).
The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (see Estate of Waterman v Jones, 46 AD3d at 66). As a general matter, the "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (id.; see Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760). In this case, the plaintiff submitted affidavits from the process server which demonstrated that four visits were made to the defendant's residence at different times when the defendant could reasonably have been expected to be found at home. The process server also described the means she used to verify the defendant's residential address, and described her unsuccessful attempt to ascertain the defendant's place of employment. We agree with the Supreme Court that the affidavits constituted prima facie evidence that the due diligence requirement was satisfied (see JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777, 777-778). The affidavits also constituted prima facie evidence that the process server properly affixed a copy of the summons and complaint to the door of the defendant's residence, and mailed a copy to the residence by first class mail. Contrary to the defendant's contention, he failed to rebut the presumption of proper service arising from the process server's affidavits. Further, the summons contained statutorily mandated language warning the defendant that the failure to serve an answer to the complaint may result in a default judgment and advising him to speak to an attorney (see generally RPAPL 1320).
We agree with the Supreme Court's denial of the defendant's motion, in effect, to vacate his default in answering, and his motion to vacate the default judgment and/or stay its enforcement, since he failed to proffer a reasonable excuse for his default (see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 875, citing Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). In view of the lack of a reasonable excuse, it was unnecessary for the Supreme Court to consider whether the defendant demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 875).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court