Mid-Island Mtge. Corp. v Drapal (2019 NY Slip Op 06488)





Mid-Island Mtge. Corp. v Drapal


2019 NY Slip Op 06488


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-09047
 (Index No. 64128/14)

[*1]Mid-Island Mortgage Corp., appellant, 
v
Jeffrey M. Drapal, respondent, et al., defendants.


Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Jacqueline M. Della Chiesa of counsel), for appellant.
Lester & Associates, P.C., Garden City, NY (Seung Woo Lee and Peter K. Kamran of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated June 22, 2017. The order and judgment, insofar as appealed from, after a hearing to determine the validity of service of process, granted the motion of the defendant Jeffrey M. Drapal pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and is in favor of that defendant and against the plaintiff dismissing the complaint.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On or about May 30, 2014, the plaintiff filed a complaint seeking to foreclose a mortgage on residential real property. An affidavit of service dated June 25, 2014, attests that, after four attempts to serve the defendant Jeffrey M. Drapal (hereinafter the defendant) at the address of the mortgaged premises between June 13, 2014, and June 20, 2014, the process server affixed a copy of the complaint to the door, and thereafter mailed the complaint to that same address. The affidavit of service also stated that the "[d]eponent confirmed through search of Service members Civil Relief Act Website (SCRA) that said defendant is currently an active in military reserve." The parties agree that the defendant commenced active service on June 10, 2014. When the defendant returned from active service, he moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted
against him for lack of personal jurisdiction. By stipulation, the defendant waived any claim of improper service "based upon his military service," and the matter was set for a hearing to determine the validity of service process.
After the hearing, the Supreme Court determined that the plaintiff had not established personal jurisdiction over the defendant. Service pursuant to CPLR 308(4), known as "affix and mail" service, "may be used only where service under CPLR 308(1) or 308(2) cannot be made with due diligence'" (Estate of Waterman v Jones, 46 AD3d 63, 66; see Coley v Gonzalez, 170 AD3d 1107, 1108). "While the precise manner in which due diligence is to be accomplished is not rigidly prescribed, the requirement that due diligence be exercised must be strictly observed, given the reduced likelihood that a summons served pursuant to [CPLR 308(4)] will be received" (Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320 [internal quotation marks [*2]omitted]). A mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the "due diligence" requirement before resort to affix and mail service (see County of Nassau v Long, 35 AD3d 787; County of Nassau v Yohannan, 34 AD3d 620, 620-621). " [D]ue diligence' may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Estate of Waterman v Jones, 46 AD3d at 66).
Here, the process server testified that he was assigned the case on June 11, 2014, and thereafter attempted service at the address on four occasions. According to the affidavit of service and the process server's in-house work order sheet, however, the process server knew that the defendant was in active military service. Since the process server was aware that the defendant was engaged in active military service at the time the process server attempted service at the address, the process server's four attempts at service prior to resorting to affix-and-mail service were not made when the defendant "could reasonably be expected to be found at such location" (id.; see Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d at 1317; Serraro v Staropoli, 94 AD3d 1083; Silber v Stein, 287 AD2d 494). Under these circumstances, the plaintiff failed to establish that it exercised "due diligence" in attempting to effectuate service pursuant to CPLR 308(1) or (2) before using the "affix and mail" method pursuant to CPLR 308(4) (Estate of Waterman v Jones, 46 AD3d at 66).
The plaintiff's remaining contention, that the Supreme Court should have tolled the time for service pursuant to CPLR 306(b), is without merit, as the plaintiff's cross motion for that relief was, in effect, resolved by the parties' so-ordered stipulation.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court