OneWest Bank, N.A. v Jacobs (2025 NY Slip Op 00458)

OneWest Bank, N.A. v Jacobs

2025 NY Slip Op 00458

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-09446
 (Index No. 708275/21)

[*1]OneWest Bank, N.A., etc., appellant, 
v
Cynthia Jacobs, etc., respondent, et al., defendants.

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for appellant.
Lawrence Spivak, Jamaica, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 20, 2023. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Cynthia Jacobs which was for leave to serve a late answer and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross-motion of the defendant Cynthia Jacobs which was for leave to serve a late answer is denied, and those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference are granted.
On December 8, 2009, the plaintiff commenced this action against, among others, Jacquelyn Jacobs (hereinafter Jacquelyn) and her daughter, the defendant Cynthia Jacobs (hereinafter the defendant), to foreclose a mortgage on certain real property located in Queens. By order dated October 19, 2010, the Supreme Court, inter alia, granted the plaintiff's unopposed motion for leave to enter a default judgment and for an order of reference. Although the defendant served an answer in October 2010, on November 4, 2010, the plaintiff rejected the answer as untimely. For approximately 12 years thereafter, the defendant participated in the litigation by, among other things, opposing several motions made by the plaintiff without seeking leave to serve a late answer.
On November 18, 2015, Jacquelyn died. On October 1, 2018, ancillary letters of administration were issued to the defendant. The defendant, in her capacity as administrator of Jacquelyn's estate, was then substituted as a party and the caption was amended accordingly.
On June 13, 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for leave to serve a late answer. By order entered June 20, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]; see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d 958, 960; Cumanet, LLC v Murad, 188 AD3d 1149, 1152-1153). As [*2]relevant here, "[t]o extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Cumanet, LLC v Murad, 188 AD3d at 1153 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d at 960; see also CPLR 5015[a][1]). Generally, "[t]he determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Cumanet, LLC v Murad, 188 AD3d at 1153 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d at 960). However, a pro se defendant's "lack of understanding about the legal process" does not, by itself, constitute a reasonable excuse (U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; see Stein v Doukas, 157 AD3d 743, 744; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049).
Here, the defendant failed to proffer a reasonable excuse for the nearly 12-year delay between the plaintiff's rejection of her answer as untimely and her seeking leave to serve a late answer. Her attorney's explanation that "as a Pro se litigant, [the defendant] was not well-educated in motion practice and did not understand that she needed to cross-move to ask the Court to accept her own late Answer in addition to filing opposition to motions" does not constitute a reasonable excuse for the delay (see Stein v Doukas, 157 AD3d at 744; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634). Since no other excuse for the delay was proffered in support of that branch of the defendant's cross-motion which was for leave to serve a late answer, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, NA v Stewart, 229 AD3d 584, 585; U.S. Bank N.A. v Crawford, 174 AD3d at 764).
Accordingly, the Supreme Court should have denied that branch of the defendant's cross-motion which was for leave to serve a late answer and granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court