Happy Hearts on the Hudson, Inc. v Maban (2026 NY Slip Op 50328(U))

[*1]

Happy Hearts on the Hudson, Inc. v Maban

2026 NY Slip Op 50328(U)

Decided on March 13, 2026

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Supreme Court, Westchester County

Happy Hearts on the Hudson, Inc. and HAPPY HEARTS TAKE TWO, INC., Plaintiffs,

againstNicole Maban, Defendant.

Index No. 59534/2025

Peter B. Ackerman, Esq.Attorney for Plaintiffs222 Mamaroneck Ave., #202White Plains, NY 10605Nicole Maban

Linda S. Jamieson, J.

The following paper numbered 1 was read on this motion:
Papers            
NumberedNotice of Motion, Affidavit, Affirmations and Exhibits 1Plaintiffs bring their motion seeking a default judgment against defendant in the amount of $16,832, plus interest from February 14, 2025, plus costs and disbursements. The basis for the motion is unpaid childcare fees.
Defendant was purportedly served by "nail and mail service." There are two problems with this service. The first is that the address at which defendant was allegedly served, in [*2]Tarrytown, is not the address on the application for enrollment (in Eastchester). There is no explanation of why plaintiff used the Tarrytown address instead of the Eastchester address. 
Second, there were only three attempts, one of which was in the middle of the day, one was at 7:04 a.m., and one was at 6:38 p.m. "These attempts were made on weekdays during hours when it reasonably could have been expected that [defendant] was either working or in transit to or from work. Moreover, there is no indication that the process server made any attempt to locate [defendant's] business address or to effectuate personal service thereat." Cnty. of Nassau v. Long, 35 AD3d 787, 787—88, 826 N.Y.S.2d 739, 740 (2d Dept. 2006). In this case, the process server did not attempt to locate defendant's business address. 
"Although 'due diligence' is not defined in the statutory framework, the term has been interpreted and applied on a case-by-case basis. The due diligence requirement refers to the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency. A mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the 'due diligence' requirement before resort to nail and mail service. However, 'due diligence' may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times. For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment, given the reduced likelihood that a summons served pursuant to nail and mail service will be received." Est. of Waterman v. Jones, 46 AD3d 63, 66, 843 N.Y.S.2d 462, 464—65 (2d Dept. 2007). As the process server did not use due diligence here, the Court must deny the motion based on lack of jurisdiction.
Given the problems with service, the Court must deny the motion and dismiss the action without prejudice. Should plaintiff commence a new action and serve it properly, plaintiff shall submit a proposed Order with any new motion. Plaintiff shall send a copy of this Decision and Order to defendant by overnight mail at the last known address and fax/email/text, if any of those are known, within two business days of receipt.
The foregoing constitutes the decision and order of the Court.
Dated: March 13, 2026White Plains, New YorkHON. LINDA S. JAMIESONJustice of the Supreme Court