■ LaSalle Bank N.A., as Trustee for First Franklin Mortgage Trust 2007-FF1, Mortgage Loan Asset Backed Certificates, Series 2007-FF1, 150 Alleghany Center Mall, Pittsburgh, Pa 15212, Respondent, v Collette Hudson, Appellant, et al., Defendants. [31 NYS3d 188]—

In an action to foreclose a mortgage, the defendant Collette Hudson appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 23, 2015, which denied

her motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale dated December 15, 2008, entered upon her default in answering the complaint and, thereupon, to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage. The defendant. Collette Hudson (hereinafter the homeowner) defaulted in answering. A judgment of foreclosure and sale was subsequently entered, upon her default in answering. More than five years later, the homeowner moved pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale and, thereupon, to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and standing. The homeowner asserted that the plaintiff did not exercise due diligence in attempting to make personal service on her before resorting to affix and mail service pursuant to CPLR 308 (4). The Supreme Court denied the homeowner's motion. We affirm.

Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with "due diligence" (CPLR 308 [4]; *see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759-760 [2013]; *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007]). The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (*see Estate of Waterman v Jones*, 46 AD3d at 66).

Here, the affidavits of the process server demonstrated that three visits were made to the homeowner's residence on three different occasions and at different times of the day. The process server also described in detail his unsuccessful attempt to obtain an employment address for the homeowner. Contrary to the homeowner's contention, under these circumstances, the due diligence requirement was satisfied (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1048 [2015]; *JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777, 778 [2015]; *Lemberger v Khan*, 18 AD3d 447, 447-448 [2005]).

The homeowner's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the homeowner's motion to vacate the judgment of foreclosure and sale and, thereupon, to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and standing. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.