Countrywide Home Loans, Inc. v Smith (2019 NY Slip Op 02674)





Countrywide Home Loans, Inc. v Smith


2019 NY Slip Op 02674


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-09400
 (Index No. 14390/08)

[*1]Countrywide Home Loans, Inc., respondent, 
v
Kraig R. Smith, appellant, et al., defendants.


Anthony C. Giordano, Garden City, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Christopher P. Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kraig R. Smith appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated June 8, 2016. The order, insofar as appealed from, denied, without a hearing, that branch of that defendant's motion which was to vacate a judgment of foreclosure and sale entered July 22, 2009, upon his failure to appear or answer the complaint.
ORDERED that the order dated June 8, 2016, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action against Kraig R. Smith (hereinafter the defendant), among others, in August 2008. Although the defendant allegedly was served with the summons and complaint pursuant to CPLR 308(4), he failed to appear or answer the complaint. The Supreme Court signed an order of reference on January 7, 2009. The plaintiff subsequently moved, inter alia, for a judgment of foreclosure and sale, which was granted without opposition. The judgment of foreclosure and sale was entered July 22, 2009, and a foreclosure sale was scheduled for January 26, 2016.
On or about January 25, 2016, the defendant moved by order to show cause, inter alia, pursuant to CPLR 5015 to vacate the judgment of foreclosure and sale. Among other things, the defendant argued that he was not properly served with the summons and complaint. In an order dated June 8, 2016, the Supreme Court, among other things, denied that branch of the defendant's motion without a hearing. The defendant appeals.
Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]; see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884; LaSalle Bank N.A. v Hudson, 139 AD3d 811, 812). The term "due diligence" is not defined by statute, and is interpreted on a case-by-case basis (Lasalle Bank N.A. v Hudson, 139 AD3d at 812; see Estate of Waterman v Jones, 46 AD3d 63, 66).
Here, contrary to the defendant's contention, the affidavit of service demonstrates that the process server exercised due diligence to attempt service pursuant to the methods set forth in [*2]308(1) and (2), prior to resorting to service pursuant to CPLR 308(4). The process server's affidavit reflects that he visited the property where service was effectuated on different days of the week and at different times when the defendant could reasonably be expected to be home, including a weekend, spoke to a neighbor who confirmed that the defendant resided at the property, and used a database search which revealed that the property was also the defendant's place of business. Such efforts satisfied the due diligence requirements of CPLR 308(4) (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760; Singh v Gold Coin Laundry Equip., 234 AD2d 358, 358).
Additionally, contrary to the defendant's contention, the Supreme Court was not required to direct an evidentiary hearing on the issue of whether the defendant was properly served. The process server's affidavit of service constituted prima facie evidence of proper service upon the defendant (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640; Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760). To be entitled to an evidentiary hearing on the issue of service, the defendant was required to rebut the plaintiff's prima facie showing by submitting a sworn denial of receipt of service containing specific facts to refute the statements in the process server's affidavit (see U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988-989). A defendant's "bare and unsubstantiated denial of receipt" of service is insufficient to rebut the presumption of proper service, and does not necessitate a hearing (Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760).
Here, the defendant's affidavit was insufficient to rebut the process server's affidavit. The defendant denied ever receiving any notices in this action by "mail or otherwise," and denied seeing "any documents left for [him]," but such denials of receipt of service in themselves are insufficient to warrant an evidentiary hearing (see id.). The defendant admitted that the address where service was effectuated was his full-time residence (cf. Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 778; Bank of Am., N.A. v Latif, 148 AD3d 967, 969; Sileo v Victor, 104 AD3d 669, 669; Engel v Boymelgreen, 80 AD3d 653, 655; Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525, 526), and he does not deny that it was also his place of business. The defendant speculates that the process server "did not even make a single attempt" at service, but he does not dispute the accuracy of the detailed description of the defendant's neighbor which is set forth in the process server's affidavit. The defendant also admitted that his "father was in and out of the house as well," but submitted no affidavit from the father as to whether he ever saw a copy of the summons and complaint, either affixed to the door or in the mail, or whether the father ever witnessed any attempts at service (cf. Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777).
Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Daniels, 163 AD3d at 640-641; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049).
The defendant's remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court