Nationstar Mtge., LLC v Esdelle (2020 NY Slip Op 04956)





Nationstar Mtge., LLC v Esdelle


2020 NY Slip Op 04956


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-05883
 (Index No. 506029/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Beverly Esdelle, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (David Berg, Megha Patel Kotecha, and Abraham David of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Beverly Esdelle appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated January 28, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated September 26, 2017, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Beverly Esdelle and for an order of reference, and denying, without a hearing, that defendant's cross motion pursuant to CPLR 3211(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or alternatively, for leave to serve a late answer, upon an order of the same court, also dated September 26, 2017, among other things, appointing a referee to compute the amount due to the plaintiff, and upon an order of the same court dated January 28, 2019, inter alia, granting the plaintiff's motion for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is denied, the order dated January 28, 2019, is modified accordingly, so much of the first order dated September 26, 2017, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Beverly Esdelle and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or alternatively, for leave to serve a late answer, and so much of the second order dated September 26, 2017, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and appointed a referee to compute the amounts due to the plaintiff, are vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether that defendant was properly served with process, and, thereafter for a new determination of those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and of that defendant's cross motion pursuant to CPLR 3211(8) to dismiss the complaint insofar as asserted against her, or alternatively, for leave to serve a late answer.
In this action to foreclose a mortgage, the defendant Beverly Esdelle (hereinafter the [*2]defendant) failed to appear or answer the complaint. Consequently, the plaintiff moved for, among other things, leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or alternatively, for leave to serve a late answer. In an order dated September 26, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and denied, without a hearing, the defendant's cross motion. In an order also dated September 26, 2017, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. In an order dated January 28, 2019, the court, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale and an order and judgment of foreclosure and sale (one paper) was issued that same day. The defendant appeals from the order and judgment of foreclosure and sale.
The plaintiff demonstrated its entitlement to a default judgment against the defendant and an order of reference by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the causes of action, including that the defendant defaulted on her payment obligations, and proof that the defendant failed to appear or answer within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026). Generally, " [t]o successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action'" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1185, quoting Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1026-1027). However, where, as here, a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
A court lacks personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process (see id. at 896-897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1185). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137). While a mere conclusory denial of service will not suffice to rebut a prima facie claim of proper service (see US Bank N.A. v Ramos, 153 AD3d 882, 884), "the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, the process servers' affidavits of service established, prima facie, that the defendant was served pursuant to CPLR 308(2) on July 25, 2014, at her purported residence located on New York Avenue in Brooklyn, as well as at the subject premises on July 12, 2014. However, the defendant successfully rebutted the process servers' affidavits through her specific averments that, at the time of each purported service, neither the New York Avenue address, nor the subject premises, was her residence, actual dwelling place, or usual place of abode (see US Bank, N.A. v Schumacher, 172 AD3d at 1138; U.S. Bank, N.A. v Tauber, 140 AD3d at 1155). Rather, the defendant averred that at the time of each purported service, she resided at an address on Albany Avenue in Brooklyn. The defendant annexed to her affidavit her lease for the Albany Avenue premises covering the period from January 25, 2014, through January 31, 2015, money orders made payable to the Albany Avenue landlord within the lease period, the defendant's 2015 W-2 bearing the Albany Avenue address, utility bills during the lease period bearing the Albany Avenue address, and bank statements during the lease period bearing the Albany Avenue address. These records, in conjunction with the defendant's sworn statements, are evidence that the defendant did not reside at the locations where process was served, and were sufficient to warrant a hearing (see US Bank, N.A. v Schumacher, 172 AD3d at 1138; U.S. Bank, N.A. v Tauber, 140 AD3d at 1154). The plaintiff's submissions in opposition failed to establish that service was proper.
Consequently, the Supreme Court should have conducted a hearing in order to resolve the defendant's jurisdictional objection before granting the plaintiff's motion, inter alia, for leave to enter a default judgment, and before denying the defendant's cross motion pursuant to CPLR 3211(8) to dismiss the complaint, or alternatively, for leave to serve a late answer (see US Bank, N.A. v Schumacher, 172 AD3d at 1138; U.S. Bank, N.A. v Tauber, 140 AD3d at 1154).
Under the circumstances of this case, the Supreme Court should not have determined that the defendant is estopped from challenging service because she failed to update her new address with the Department of Motor Vehicles (see Vehicle and Traffic Law § 505[5]; Itshaik v Singh, 165 AD3d 902, 903-904). Here, there is no evidence that the defendant affirmatively misrepresented her address so that the plaintiff would rely upon the misrepresentation to effectuate service (cf. Mighty v Deshommes, 178 AD3d 912, 915; Kalamadeen v Singh, 63 AD3d 1007, 1009), nor is there any evidence that the plaintiff served the defendant at the New York Avenue address in reliance upon the defendant's address as reported to the Department of Motor Vehicles (see Itshaik v Singh, 165 AD3d at 903-904).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether personal jurisdiction over the defendant was obtained, and thereafter a new determination of those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and of the defendant's cross motion pursuant to CPLR 3211(8) to dismiss the complaint insofar as asserted against her, or alternatively, for leave to serve a late answer.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court