U.S. Bank N.A. v Nakash (2021 NY Slip Op 03479)





U.S. Bank N.A. v Nakash


2021 NY Slip Op 03479


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-04937
 (Index No. 36/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Tina Nakash, et al., defendants-appellants, et al., defendants; Joseph Saieda, proposed intervenor-appellant.


Berg & David, PLLC, Brooklyn, NY (Shane Wax and Abraham David of counsel), for defendants-appellants and proposed intervenor-appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Tina Nakash, Ibrahim Saideh, and Sara Yadid, and the proposed intervenor, Joseph Saieda, appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated December 18, 2017. The order denied the motion of the defendants Tina Nakash, Ibrahim Saideh, and Sara Yadid, and the proposed intervenor, Joseph Saieda, (1) pursuant to CPLR 5015(a) to vacate (a) the default of the defendant Tina Nakash in answering the complaint, (b) an order of the same court dated March 17, 2014, granting the plaintiff's motion for leave to enter a default judgment against the defendants Tina Nakash, Ibrahim Saideh, and Sara Yadid, and (c) an order and judgment of foreclosure and sale (one paper) of the same court dated March 19, 2015, and, thereupon, to dismiss the complaint, or, in the alternative, (2) for leave for the defendant Tina Nakash to serve a late answer, and (3) for leave for the proposed intervenor, Joseph Saieda, to intervene in the action.
ORDERED that the order dated December 18, 2017, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Tina Nakash, Ibrahim Saideh, and Sara Yadid, and the proposed intervenor, Joseph Saieda, which were pursuant to CPLR 5015(a) to vacate so much of the order dated March 17, 2014, and the order and judgment of foreclosure and sale as are in favor of the plaintiff and against the defendant Tina Nakash, and substituting therefor a provision granting those branches of the motion; as so modified, the order dated December 18, 2017, is affirmed, with costs to the defendants Tina Nakash, Ibrahim Saideh, and Sara Yadid.
In 2004, the defendant Tina Nakash purchased the subject property located in Brooklyn. Nakash executed a note in favor of Meridian Residential Capital, LLC, and delivered a mortgage to secure payment of this note. In 2009, Nakash transferred the property to her father-in-law, Ibrahim Saideh, and her mother-in-law, Sara Yadid. After an alleged default on the note in 2009, the plaintiff commenced this foreclosure action against, among others, Nakash, Saideh, and Yadid (hereinafter collectively the defendants) in January 2010. In March 2010, the subject property was transferred back to Nakash. From 2010 through 2013, Nakash and her husband, Joseph Saieda, [*2]appeared at multiple mandatory foreclosure settlement conferences. Despite this, Nakash failed to answer the complaint and Saieda failed to move for leave to intervene in the action. In April 2013, Nakash's attorney at the time, CAMBA Legal Services, Inc. (hereinafter CAMBA), and Elliot Elo, signed a substitution of counsel, but failed to obtain Nakash's signature consenting to the substitution.
In or around August 2013, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, serving the motion papers intended for Nakash upon Elo. The defendants failed to oppose the motion and the Supreme Court granted the motion in an order dated March 17, 2014. In or around November 2014, the plaintiff moved for a judgment of foreclosure and sale, again serving the motion papers intended for Nakash, upon Elo. The defendants again failed to oppose the motion and the court granted the motion. In May 2017, the defendants and Saieda moved to vacate Nakash's default in answering the complaint, the order dated March 17, 2014, and the order and judgment of foreclosure and sale, and, thereupon, to dismiss the complaint, or, in the alternative, for leave for Nakash to serve a late answer, and for leave for Saieda to intervene in the action. The court denied the motion. The defendants and Saieda appeal.
The affidavit of the plaintiff's process server established, prima facie, the method of service, and therefore gave rise to a presumption of proper service upon Nakash (see U.S. Bank N.A. v Bienenstock, 184 AD3d 593, 594; Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687, 687). Nakash's bare and unsubstantiated denials of service failed to rebut that presumption, and were insufficient to warrant a hearing (see HSBC Bank USA v Archer, 173 AD3d 984, 985; Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859; Washington Mut. Bank v Huggins, 140 AD3d 858, 859). Moreover, the process server's affidavit established that service could not be made under CPLR 308(1) and (2) with due diligence, thus warranting service under CPLR 308(4). The process server's affidavit demonstrated that he made three visits to Nakash's residence on three different dates and at different times, when Nakash could reasonably have been expected to be found at that location (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884; LaSalle Bank N.A. v Hudson, 139 AD3d 811, 812; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1047-1049). Furthermore, the process server attested that he spoke to a neighbor who confirmed that Nakash lived at the property, and spoke to Nakash on his final attempt to serve her, and she refused service. Thus, the due diligence requirement was satisfied (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; LaSalle Bank N.A. v Hudson, 139 AD3d at 812; Wells Fargo Bank, NA v Besemer, 131 AD3d at 1047-1049). Accordingly, the Supreme Court properly determined that Nakash was not entitled to vacatur of so much of the order and judgment of foreclosure and sale as was in favor of the plaintiff and against her on the ground of lack of personal jurisdiction (see CPLR 5015[a][4]).
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (id. at 566).
Contrary to the defendants' contention, the defendants failed to rebut the presumption of proper service upon Nakash, and thus, Nakash's denial of receipt of the summons and complaint does not constitute a reasonable excuse for Nakash's failure to answer the complaint. Moreover, the record demonstrates that Nakash and her attorney appeared for multiple settlement conferences before the Supreme Court, and thus, were clearly aware of the action, yet failed to interpose an answer. Finally, although Nakash and Saieda both attest that Nakash became ill in 2013, which compromised their ability to defend their interests in the action, Nakash became ill more than three years after the action was commenced, and her illness therefore does not explain her delay in answering the complaint. Therefore, the Supreme Court providently exercised its discretion in determining that Nakash failed to offer a reasonable excuse (see LaSalle Bank, NA v Bernard, 184 AD3d 816, 818; U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). Since Nakash failed to offer a reasonable excuse for her default, this Court need not consider the merits of her defenses (see LaSalle Bank, NA v Bernard, 184 AD3d at 818). Accordingly, the court properly denied that branch of the motion which was for leave for Nakash to [*3]serve a late answer.
"[I]mproper service of a motion provides a complete excuse for default on a motion and deprives the court of jurisdiction to entertain the motion . . . . [T]he failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 124-125 [citations omitted]; see MTGLQ Invs., L.P. v White, 179 AD3d 790, 792). "Pursuant to CPLR 321(b), an attorney of record may be changed either by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party, with notice of the change given to the attorneys for all parties in the action, or by order of court upon notice to all parties" (Kumar v Demasi, 170 AD3d 986, 989).
Here, the record demonstrates that the plaintiff served its motion, inter alia, for an order of reference and its motion for a judgment of foreclosure and sale, on Elo, not Nakash or CAMBA. Nakash retained CAMBA in July 2011 to appear on her behalf at the settlement conferences. Although in April 2013, CAMBA and Elo signed a substitution of counsel, Nakash never acknowledged or signed this substitution, nor was a substitution ordered by the Supreme Court. Moreover, Nakash attested that she did not know Elo, never authorized him to represent her, and never received the plaintiff's motion papers or any orders from the court. Since the substitution was improper under CPLR 321(b), CAMBA, not Elo, was Nakash's attorney of record when the plaintiff made its motions, and thus, the plaintiff failed to properly serve Nakash with these motions, depriving the Supreme Court of jurisdiction to entertain these motions and rendering so much of the resulting order dated March 17, 2014, and the order and judgment of foreclosure and sale as are in favor of the plaintiff and against Nakash nullities that must be vacated (see MTGLQ Invs., L.P. v White, 179 AD3d at 792; Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674, 676; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965; Financial Servs. Veh. Trust v Law Offs. of Dustin J. Dente, 86 AD3d 532, 533).
"Under CPLR 1012(a)(3), any person shall be permitted to intervene in an action 'when the action involves the disposition or distribution of . . . property and the person may be affected adversely by the judgment.' CPLR 1012[a] requires a 'timely motion'" (US Bank NA v Osuji, 174 AD3d 947, 948).
Here, the record demonstrates that Saieda had knowledge of the action early in the course of litigation, as he attended settlement conferences with Nakash and even procured counsel for her. Despite this, Saieda did not move for leave to intervene until seven years after the action was commenced and offered no reason why he did not move for leave to intervene while he participated in the action. Therefore, that branch of the motion which was for leave for Saidea to intervene was not timely (see US Bank NA v Osuji, 174 AD3d at 948; Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876; .U.S. Bank N.A. v Bisono, 98 AD3d 608, 609), and thus was properly denied.
The parties' remaining contentions are without merit or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court