Citmortgage, Inc. v Barton (2023 NY Slip Op 00203)

Citmortgage, Inc. v Barton

2023 NY Slip Op 00203

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13439
 (Index No. 509524/16)

[*1]Citmortgage, Inc., respondent,
v
Nathaniel Barton III, appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith and James Ng of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nathaniel Barton III appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 16, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Nathaniel Barton III and for an order of reference, and denied that defendant's cross motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel a notice of pendency filed against the subject property, or, in the alternative, in effect, pursuant to CPLR 3012(d) for leave to interpose a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Nathaniel Barton III (hereinafter the defendant). After the defendant failed to answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, and cross-moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel a notice of pendency filed against the subject property or, in the alternative, in effect, pursuant to CPLR 3012(d) for leave to interpose a late answer. In an order dated September 16, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion, stating that the defendant had waived his jurisdictional defense. On this appeal from the order dated September 16, 2019, we affirm, but for a reason different from that articulated by the Supreme Court.
As a threshold matter, the plaintiff demonstrated its entitlement to a default judgment against the defendant pursuant to CPLR 3215 and an order of reference. The plaintiff submitted proof of service of the summons and the complaint, proof of the facts constituting the causes of action, including that the defendant defaulted on his payment obligations, and proof of the defendant's default in answering (see id. § 3215[f]; Rattner v Fessler, 202 AD3d 1011, 1014; Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1387).
"Generally, to successfully oppose a facially adequate motion for leave to enter a [*2]default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Rattner v Fessler, 202 AD3d at 1015 [internal quotation marks and alterations omitted]; see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386). However, where, as here, a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default (see Rattner v Fessler, 202 AD3d at 1015; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386). A court lacks personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process (see Rattner v Fessler, 202 AD3d at 1015; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386). In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void (see Rattner v Fessler, 202 AD3d at 1015; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386). While a mere conclusory denial of service will not suffice to rebut a prima facie showing of proper service, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing (see Rattner v Fessler, 202 AD3d at 1015; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386).
Here, the plaintiff failed to establish that the defendant waived the defense of lack of personal jurisdiction by informally appearing. In opposition to the defendant's cross motion, inter alia, in effect, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, the plaintiff contended that the defendant appeared at seven settlement conferences. However, attendance at mandatory settlement conferences "does not constitute active litigation of the action or participation in the action on the merits" (Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741 [internal quotation marks omitted]; see PennyMac Corp. v Barbosa, 189 AD3d 863, 864).
Nonetheless, the defendant failed to rebut the plaintiff's prima facie showing of proper service. A process server averred that the defendant was served with the summons and complaint pursuant to CPLR 308(2) by the delivery of a copy to "Earlene Barton, Sister," a person of suitable age and discretion at the defendant's residence, and the mailing of a second copy to that address. The affidavits submitted by the defendant were insufficient to rebut the presumption of proper service. The defendant did not deny that a person matching the description of Earlene Barton, contained in the affidavit of service, was present at the time of service (see Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 733; Rattner v Fessler, 202 AD3d at 1016; US Bank N.A. v Cooper, 191 AD3d 1035, 1036).
Therefore, the defendant failed to establish a reasonable excuse for his failure to answer the complaint (see Rattner v Fessler, 202 AD3d at 1016; U.S. Bank N.A. v Nakash, 195 AD3d 651, 654). Thus, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Rattner v Fessler, 202 AD3d at 1016). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for order of reference.
The Supreme Court also properly denied that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, since the defendant failed to rebut the presumption of proper service (see Bank of N.Y. Mellon Trust Co., N.A. v Kahn, 192 AD3d 1070, 1071).
Finally, the Supreme Court properly denied the alternative branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3012(d) for leave to interpose a late answer. A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense (see U.S. Bank N.A. v Rauff, 205 AD3d 963; U.S. Bank N.A. v Nakash, 195 AD3d at 653-654). The defendant failed to offer a reasonable excuse, since the only excuse proffered was lack of personal jurisdiction (see U.S. Bank N.A. v Rauff, 205 AD3d 963; U.S. Bank N.A. v Nakash, 195 AD3d at 653-654). Since the defendant failed to offer [*3]a reasonable excuse for his default, it is unnecessary to determine whether he sufficiently demonstrated the existence of a potentially meritorious defense (see U.S. Bank N.A. v Rauff, 205 AD3d 963; U.S. Bank N.A. v Nakash, 195 AD3d at 653-654).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court