Federal Natl. Mtge. Assn. v LaMadrid (2025 NY Slip Op 03998)

Federal Natl. Mtge. Assn. v LaMadrid

2025 NY Slip Op 03998

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-05349
 (Index No. 33349/09)

[*1]Federal National Mortgage Association, plaintiff,
v
Casandra LaMadrid, et al., defendants; U.S. Bank Trust National Association, nonparty-appellant; 903 Realty NY, LLC, nonparty-respondent.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank Trust National Association appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 24, 2022. The order, insofar as appealed from, sua sponte, granted nonparty 903 Realty NY, LLC, leave to intervene in the action as a party defendant.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, granted nonparty 903 Realty NY, LLC, leave to intervene in the action as a party defendant, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs.
OneWest Bank, FSB (hereinafter OneWest) commenced this action against Casandra LaMadrid, among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the subject property). After LaMadrid interposed an answer, OneWest moved, inter alia, for summary judgment on the complaint insofar as asserted against LaMadrid and for an order of reference. By order dated May 26, 2011, the Supreme Court, among other things, granted the motion, struck LaMadrid's answer, and referred the matter to a referee to ascertain and compute the amount due on the loan. The loan was subsequently assigned to Ocwen Loan Servicing, LLC (hereinafter Ocwen), and then to Federal National Mortgage Association (hereinafter FNMA).
FNMA moved, inter alia, to confirm a referee's report, for a judgment of foreclosure and sale, and for related relief. By order and judgment of foreclosure and sale dated June 29, 2016, the Supreme Court, among other things, granted the unopposed motion and directed the sale of the subject property. However, prior to the scheduled sale, FNMA learned that LaMadrid had died. Accordingly, FNMA moved, inter alia, to vacate the order and judgment of foreclosure of sale, to substitute LaMadrid's heirs in place of LaMadrid, and for related relief. The motion was subsequently marked off the calendar. In March 2017, LaMadrid's heirs conveyed the subject property to nonparty 903 Realty NY, LLC (hereinafter 903 Realty), and FNMA assigned the mortgage to nonparty U.S. Bank Trust National Association (hereinafter U.S. Bank).
In September 2020, U.S. Bank moved, among other things, to restore the action to the calendar, to vacate the order and judgment of foreclosure and sale, pursuant to CPLR 1021 and 1015 to substitute LaMadrid's heirs in place of LaMadrid, pursuant to CPLR 1001 to join certain parties, to amend the caption, and for leave to file and serve a supplemental summons and amended complaint. 903 Realty did not object to the relief sought in U.S. Bank's motion but cross-moved pursuant to CPLR 1018 "to defend this action in the place of its predecessor-in-interest," LaMadrid, and the proposed substituted defendants, i.e., LaMadrid's heirs, and thereupon, to vacate the order and judgment of foreclosure and sale, as well as the order referring the matter to the referee to ascertain and compute the amount due on the loan.
U.S. Bank subsequently withdrew its motion and then filed a successive motion, inter alia, to restore the action to the calendar, to vacate the order and judgment of foreclosure and sale, to be substituted as the plaintiff, to substitute LaMadrid's heirs in place of LaMadrid, to join certain parties, to amend the legal description of the subject property, and to amend the caption. By order dated June 24, 2022, the Supreme Court granted the plaintiff's motion and, sua sponte, granted 903 Realty leave to intervene in the action as a party defendant. U.S. Bank appeals from so much of the order as, sua sponte, granted 903 Realty leave to intervene in the action as a party defendant.
"Under CPLR 1012(a)(3), any person shall be permitted to intervene in an action 'when the action involves the disposition or distribution of . . . property and the person may be affected adversely by the judgment.' CPLR 1012[(a)] requires a 'timely motion'" (US Bank NA v Osuji, 174 AD3d 947, 948; see U.S. Bank N.A. v Nakash, 195 AD3d 651, 654-655). "Additionally, upon a timely motion, the court, in its discretion, may permit a person to intervene, 'when a statute of the state confers a right to intervene . . . or when the person's claim or defense and the main action have a common question of law or fact'" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876, quoting CPLR 1013).
Here, 903 Realty did not move pursuant to CPLR 1012 or 1013 for leave to intervene but rather moved pursuant to CPLR 1018 to appear in the action in order to defend the action in place of LaMadrid and her heirs and to assert claims that would have been available to them. Moreover, while a court may generally, "in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d 978, 981 [internal quotation marks omitted]), that was not the case here, as intervention was both dramatically unlike relief pursuant to CPLR 1018 and prejudicial to U.S. Bank.
Under the circumstances, the Supreme Court improvidently exercised its discretion in, sua sponte, granting 903 Realty leave to intervene in the action as a party defendant (see U.S. Bank N.A. v Halevy, 176 AD3d 1009, 1009-1010).
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court