PNMAC Mtge. Opportunity Fund Invs., LLC v Noushad (2025 NY Slip Op 04195)

PNMAC Mtge. Opportunity Fund Invs., LLC v Noushad

2025 NY Slip Op 04195

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2022-08963
 (Index No. 503521/14)

[*1]PNMAC Mortgage Opportunity Fund Investors, LLC, respondent, 
v
Md Abu Noushad, appellant, et al., defendants.

Law Office of Salim Sheikh P.C., Woodside, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Franklin K. Chiu and Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Md Abu Noushad appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated May 19, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to deem service of the summons and complaint upon the defendant Md Abu Noushad valid and denied that defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 23, 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Md Abu Noushad (hereinafter the defendant). According to an affidavit of service sworn to on May 7, 2014, the defendant was served with the summons and complaint and other documents by substituted service pursuant to CPLR 308(2) in 2014. The defendant failed to appear or answer the complaint. By order dated March 17, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. On July 7, 2017, the court issued an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. A foreclosure sale was scheduled for February 15, 2018. In February 2018, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and the order dated March 17, 2016. The plaintiff opposed the defendant's motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. By order dated July 12, 2018, the matter was referred to a special referee for a hearing to determine the validity of service of process upon the defendant. After the hearing, the referee recommended that service upon the defendant be deemed invalid. By order dated February 4, 2020, the court, among other things, granted those branches of the defendant's motion which were to vacate the order and judgment of foreclosure and sale and the order dated March 17, 2016, and granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
In April 2021, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. As described in an affidavit of due diligence submitted in support of the motion, between March 6, 2020, and October 27, 2020, the plaintiff attempted to locate the defendant at five locations and conducted approximately 50 online searches to confirm the defendant's address. On September 11, 2020, the plaintiff received a response from the United States Postal Service in response to an inquiry, which returned a new address for the defendant, located at 559 Bristol Street in Brooklyn. Following three attempts to personally serve the defendant at that address, on September 24, 2020, the plaintiff's process server attempted to serve the defendant at that address pursuant to CPLR 308(4).
The defendant opposed the motion. In an affidavit dated May 31, 2021, the defendant stated that he had never resided at 559 Bristol Street in Brooklyn and that he never had any connection to that address.
In December 2021, the plaintiff moved, inter alia, to deem service of the summons and complaint upon the defendant pursuant to CPLR 308(4) valid. In February 2022, the defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
By order dated May 19, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to deem service of the summons and complaint upon the defendant pursuant to CPLR 308(4) valid and denied the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The defendant appeals.
"Service pursuant to CPLR 308(4) may be effected 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business'" (Aurora Loan Servs., LLC v Simon, 216 AD3d 716, 716-717; see Feinstein v Bergner, 48 NY2d 234, 240). Service pursuant to CPLR 308(4) may be used only where personal service under CPLR 308(1) and (2) cannot be made with "due diligence" (CPLR 308[4]; see LaSalle Bank N.A. v Hudson, 139 AD3d 811, 812; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760). The term "due diligence," which is not defined by statute, has been interpreted and applied on a case-by-case basis (see Estate of Waterman v Jones, 46 AD3d 63, 66). As a general matter, the "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (id.; see LaSalle Bank N.A. v Hudson, 139 AD3d at 812; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1048; Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760).
Here, the plaintiff submitted an affidavit of due diligence demonstrating that it conducted approximately 50 searches to ascertain the defendant's address and place of employment, one of which, a request to the United States Postal Service for a Change of Address or Boxholder Information Needed for Service of Legal Process for the defendant, resulted in 559 Bristol Street, Brooklyn. Additionally, the process server made three attempts to serve the defendant at that address on different days and different times from September 16, 2020, through September 22, 2020. The Supreme Court properly concluded that, based on these "few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Estate of Waterman v Jones, 46 AD3d at 66; see LaSalle Bank N.A. v Hudson, 139 AD3d at 812; Wells Fargo Bank, NA v Besemer, 131 AD3d at 1048; Deutsche Bank Natl. Trust Co. v White, 110 AD3d at 760), in addition to the Internet searches, the due diligence requirement was met. Accordingly, the court properly determined that the process server exercised "due diligence prior to resorting to affix and mail."
While the defendant is correct that "[an] attempt to serve the defendant pursuant to CPLR 308(4) [is] ineffective as a matter of law [where] the place where process was affixed was not the defendant's 'actual place of business, dwelling place or usual place of abode'" (Encarnacion v Ogunro, 162 AD3d 981, 983, quoting CPLR 308[4]; see Feinstein v Bergner, 48 NY2d 234, [*2]239-241), here, the Supreme Court properly concluded that the defendant's affidavit was insufficient to rebut the presumption of proper service raised by the process server's affidavit, as the defendant "failed to submit any documentary evidence to support [his] claim that he did not reside at the Brooklyn address at the time he was served, and . . . failed to submit an affidavit from a resident of that address denying receipt of a copy of the summons and complaint or stating that [the defendant] did not live there" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157; see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821). Moreover, contrary to the defendant's contention, according to the United States Postal Service, 559 Bristol Street, Brooklyn, was his "new address or boxholder name and street address," not his "possible, last known address."
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to deem service of the summons and complaint upon the defendant valid and properly denied the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court